Atkinson, Andelson, Loya, Ruud & Romo
A Professional Law Corporation
Matthew T. Besmer State Bar No. 269138
Matthew.Besmer@aalrr.com
Michael J. Davis State Bar No. 299196
MDavis@aalrr.com
Camille J. Bosworth State Bar No. 242466
Camille.Bosworth@aalrr.com
12800 Center Court Drive, Suite 300
Cerritos, California 90703
Telephone: (562) 653-3200
Fax: (562) 653-3333

*[Fee exempt Pursuant to Govt. Code § 6103]*

Attorneys for Defendants MISTY HER; and VALERIE F. DAVIS

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

CALIFORNIA FOR EQUAL RIGHTS FOUNDATION,

Plaintiff,

v.

MISTY HER, interim superintendent of the Fresno Unified School District; and VALERIE F. DAVIS, President of the Fresno Unified School District;

Defendants

Case No. 1:25-cv-00250-BAM

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION**

Judge: Hon. Barbara A. McAuliffe
Date: September 26, 2025
Time: 9:00 a.m.
Courtroom: 8

Complaint Filed: February 27, 2025

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE, SUITE 300
CERRITOS, CALIFORNIA 90703
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE, SUITE 300
CERRITOS, CALIFORNIA 90703
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

**DEFENDANTS OPPOSITION TO MOTION FOR RECONSIDERATION**

## I. INTRODUCTION

Plaintiff's Motion for Reconsideration should be denied. Plaintiff's Motion suffers from the same defect as its Complaint—it is full of speculation and light on facts. Plaintiff fails to advance any new evidence that was previously unavailable, and fails to demonstrate diligence in not presenting its arguments and purported evidence earlier. Rather, Plaintiff advances a factually unsupported red herring, by alleging that there were certain website changes to specific content at multiple unknown dates. In doing so, Plaintiff seeks to distract from the principal defect of the Complaint, which is that it fails to establish an injury in fact and fails to allege a ripe controversy.

Plaintiff's attempt to save its otherwise defective Complaint should be rejected. Here, even if the Court disregarded the website content in its entirety, the Complaint would still fail to establish the requisite injury in fact. Furthermore, even if Plaintiff established subject matter jurisdiction, the Court ruled, and Plaintiff does not contest, that the claim is not ripe for adjudication. This lack of ripeness was an independent basis to dismiss the Complaint.

As a result, Plaintiff's Motion for Reconsideration should be denied.

## II. ARGUMENT IN OPPOSITION

On August 12, 2025, the Court dismissed the Complaint under Federal Rule of Civil Procedure 12(b)(1), ruling that Plaintiff lacked Article III standing and that the claims were not ripe for adjudication. Plaintiff now asks for the extraordinary remedy of relief under Rule 59(e), arguing there is "newly discovered evidence" and "clear error" by the Court. (Dkt. 26 at 1.)

Motions to reconsider under Federal Rule of Civil Procedure 59(e), however, are an "extraordinary remedy, to be used sparingly." *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (citations omitted). "[A]bsent highly unusual circumstances," a motion to reconsider should not be granted "unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (citing *389 Orange Street Partners,* 179 F. 3d 656, 665 (9th Cir. 2000)).

The argument set forth in Plaintiff's motion does not satisfy these narrow grounds for relief.

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE, SUITE 300
CERRITOS, CALIFORNIA 90703
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

*Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (citing *389 Orange Street Partners,* 179 F. 3d 656, 665 (9th Cir. 2000), E.D. Cal.L.R. 230(j). Nor do they satisfy the grounds for relief set forth in Local Rule 230(j).[1] Accordingly, Plaintiff's Motion for Reconsideration should be denied.

**A. The Court Did Not Err by Considering Incorporated Website Content**

Plaintiff claims it was "clear error" for the Court to take judicial notice of the A4 website. (Dkt. 26 at 6.) Plaintiff's argument centers around its unsupported allegation that the website content changed after the Complaint was filed. (Dkt. 26, pp. 2, 4-6.) Plaintiff offers no credible or sufficiently reliable evidence to support its allegation that the content of the website changed after Plaintiff filed its Complaint. Instead, it points to Wayback Machine captures from December 2024 and March 2025, claiming that there were significant changes without providing any evidence concerning the date of the change nor the purported change to the content.

**1. The Court Properly Considered the Incorporated Website Content**

The Court properly considered the website content that was explicitly incorporated into the Complaint. A document "may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the bases of the plaintiff's claim." *U.S. v Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003). "[A] court "may assume [an incorporated document's] contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *Khoja v. Orexigen Therapeutics, Inc.,* 899 F.3d 988, 1003 (9th Cir. 2018).

Here, the Complaint references information gleaned from the A4 website to support the argument that the A4 program only supports African American students. (Dkt. 1 at 3, 4.)[2] Additionally, in Plaintiff's Opposition to Defendants' Motion to Dismiss, filed May 19, 2025, Plaintiff cites the same source, for both the statistics detailed in the Complaint *and* the quotations from the A4 website. (Dkt. 23 at 2.) This further establishes that Plaintiff relied heavily on this

[1] Local Rule 230(j) requires the moving party set forth "new or different facts or circumstances . . . which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion and (4) why the facts or circumstances were not shown at the time of the prior motion." E.D. Cal.L.R. 230(j).

[2] In allegation 20, Plaintiff selectively quotes the A4 website. Rather than including the entire quote that the Office was established to "address the disparities in academic outcomes faced by African American students and other demographic groups." (Dkt. 26.3 at 3 or Dkt. 26.4 at 3, emphasis added), Plaintiff cut the quote to include only that the Office "address[es] the disparities faced by African American students. (Dkt. 23 at 2.)

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE, SUITE 300
CERRITOS, CALIFORNIA 90703
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

information when setting forth the allegations in the Complaint and was aware of or should have been aware of the website content at the time it filed its Opposition.

By alleging causes of action that are premised upon information contained on the A4 website in its Complaint and then continuing to reference that information in its Opposition to the Motion to Dismiss, Plaintiff explicitly incorporated the A4 website by reference—both at the time of filing and in its Opposition to the Motion to Dismiss. Furthermore, if Plaintiff contested the incorporation by reference of the A4 website, that argument should have been raised in its Opposition.

The Court properly considered the content of the incorporated website. Regardless, as discussed further below, the Court's Order did not materially rely on the content of the incorporated website. As such, even if the Court entertains Plaintiff's unsupported argument concerning the content of the website at the time of filing, it has no impact on the Court's Order on the Motion to Dismiss. Even if there were error, which there was not, it would be both *de minimus* and harmless.

**2. The Court's Order Did Not Materially Rely on the Incorporated Website Content**

Plaintiff argues the Court erred by taking judicial notice of the website for the truth of the matter. While the Court stated it was "tak[ing] judicial notice of the statistics provided by the A4 website presenting this information, as well as the statistics cited from the A4 website in Defendants' Opposition," (Doc 25 at 7), the Court did not necessarily rely on the *truth* of the information or statistics contained therein when determining that Plaintiff lacked standing. Rather, the Court granted the Motion to Dismiss based on the shortcomings in the Complaint allegations. It is unnecessary, therefore, to address the propriety of taking judicial notice because the judicially noticed information was not necessary for the Court to reach its finding.

The only instances when the Court references information considered for the truth, rather than for its presence on the website are: (1) at the end of the analysis, distinguishing this case from *Wooden v. Board of Regents of Univ. Sys. of Ga.*, 247 F.3d. 1262 (11th Cir. 2001); and (2) when providing background for finding Plaintiff's allegations that non-African American children were deterred from applying insufficient. (Dkt. 25.) In the first instance, the Court simply states that the statistics affirm what the Plaintiff fails to allege-- that, unlike in the *Wooden* case, non-African

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE, SUITE 300
CERRITOS, CALIFORNIA 90703
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

American students at FUSD are not required to compete for limited spots in the A4 program. (Dkt. 25 at 18.) In the second instance, the Court references the truth of the statistics as *additional* support for the finding that Plaintiff's allegation that students were deterred from applying was merely a conclusory allegation. (Dkt. 25 at 19.)

Therefore, even if the Court had not considered the statistical information, the Court would have reached the same conclusion—Plaintiff lacks standing because Plaintiff's own allegations are insufficient to establish an injury in fact.

**3. Plaintiff Waived Any Challenge to the Court's Consideration of Incorporated Material by Failing to Raise its Objection in its Opposition**

Plaintiff's Motion is an attempt to "raise arguments" and "present evidence for the first time" which could have been presented during the pendency of the motion because Plaintiff did not like the Court's ruling. *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (citing *389 Orange Street Partners,* 179 F. 3d 656, 665 (9th Cir. 2000)). Plaintiff did not provide any credible or sufficiently reliable evidence to support the contention that the A4 website was different on February 27, 2025 than it was on March 22, 2025.[3]

Defendants first raised the issue of the incorporated website content in its Motion to Dismiss, stating that:

> "The conclusory allegations concerning the A4 program's racial exclusion are squarely rebutted by the same publicly available resources that Plaintiff incorporates to demonstrate the purported racial exclusion Plaintiff demonstrates knowledge of the programs by alleging their existence and ***incorporating* the prominent and public District website containing program descriptions and reports that the A4 program serves all racial and ethnic groups**."

(Dkt. 15 at 4, *emphasis added*.) Nowhere in its Opposition did Plaintiff contest Defendants' argument concerning the incorporation of website content, nor the fact that the incorporated website content conflicted with the facial allegations of the Complaint. (*see* Dkt. 23.) Defendants clearly argued in its Motion to Dismiss that the website content described the A4 programs as serving "all racial and ethnic groups." (Dkt. 15 at 4.)

Plaintiff had the opportunity to raise its objection to the Court's consideration of the

[3] Plaintiff failed to include a publication date or date of last access in their citation to the A4 website in the Complaint.

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE, SUITE 300
CERRITOS, CALIFORNIA 90703
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

incorporated materials and to raise the arguments it now seeks to raise in this Motion to Reconsider. Plaintiff failed to do either. Plaintiff cannot now argue that incorporation is in error, nor can it seek to introduce speculative evidence to avoid the Court's sound judgment. This is exactly the situation that Federal Rule of Civil Procedure 59(e) precludes. *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890–91 (9th Cir. 2000). Plaintiff's argument concerning incorporation was forfeited and should not be permitted via a Motion for Reconsideration.

In *Kona*, Plaintiff raised a new legal issue by a Rule 59(e) motion after the court ruled against them. *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890–91 (9th Cir. 2000). In considering the district court's denial of the Rule 59(e) motion to reconsider, the Court of Appeals affirmed the lower court's decision finding that the plaintiff had the opportunity to raise that issue prior to the court's decision. *Id.* The Court, therefore, denied the motion to reconsider pursuant to Rule 59(e). *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890–91 (9th Cir. 2000).

Likewise, here, despite the opportunity to raise their opposition during the litigation of the Motion to Dismiss, Plaintiff only raised it via a Rule 59(e) motion after the Court ruled against it. If Plaintiff contested the incorporation by reference of the Complaint, it reasonably could have raised the issue at an earlier stage in their Opposition. It neglected to do so. As such, Plaintiff may not raise new arguments and challenges via a Rule 59(e) motion, and the Motion should be denied. *See Id.*

**B. There Is No New Evidence Justifying Reconsideration Of The Court's Ruling**

The Motion should be denied because Plaintiff has failed to present any newly discovered or previously unavailable evidence warranting reconsideration. To introduce new evidence, Plaintiff must show not only that the evidence was "newly discovered or unknown to it until after the hearing, but also that it could not with reasonable diligence have discovered and produced such evidence at the hearing." *Frederick S. Wyle Pro. Corp. v. Texaco, Inc.*, 764 F.2d 604, 609 (9th Cir. 1985) (citing *Engelhard Indus., Inc. v. Rsch. Instrumental Corp.*, 324 F.2d 347, 352 (9th Cir. 1963).

**1. There is No Newly Discovered Evidence**

Plaintiff's argument is based on its unsupported and conclusory allegation that "that the website was subject to several post-filing edits" and that "the website had recently and significantly changed, at least twice." (Dkt 26 1-2.) The only support offered by Plaintiff are Wayback Machine

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE, SUITE 300
CERRITOS, CALIFORNIA 90703
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

captures from December 4, 2024, (Dkt.26, Exhibit 1) and March 22, 2025 (Dkt. 26, Exhibit 2). There is a notable gap of approximately four months between the two captures. Plaintiff makes no credible factual showing concerning the content of the website, or the frequency of changes, during this four-month window of time.

The Motion to Dismiss was filed on April 21, 2025 (Dkt. 15), Plaintiff's Opposition was filed on May 19, 2025 (Dkt. 23) and Defendants' Reply was filed on May 29, 2025 (Dkt. 24). The "new evidence" Plaintiff seeks to present to the Court existed prior to the Motion to Dismiss and throughout the pendency of the briefing by both parties.

Plaintiff makes no attempt to show that these Wayback Machine captures only came into existence after the conclusion of the briefing. Plaintiff further makes no attempt to demonstrate that it exercised any diligence, nor concerning why this evidence was not presented earlier. Rather, the Wayback Machine captures from December 2024 and March 2025 which Plaintiff relies on were available during the entire pendency of the litigation, and prior to the Motion to Dismiss. Plaintiff cannot rely on old news to establish "new evidence."

Further, Plaintiff offers no justification for not presenting its evidence in its Opposition. Plaintiffs' failure to notice information at their fingertips, to make its own record of the website content as of the date of filing the Complaint, or to raise relevant arguments in its Opposition, does not render Plaintiff's pre-existing Wayback Machine captures "new evidence." A "party that fails to introduce facts in a motion or opposition cannot introduce them later in a motion to amend by claiming that they constitute 'newly discovered evidence' unless they were previously unavailable." *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001).

Because Plaintiff fails to meet the threshold for "newly discovered evidence," its Motion should be denied.

**2. Intermittent Wayback Machine Captures are Unreliable to Establish Website Content on Non-Captured Days**

Here, Plaintiff argues, speculatively and incorrectly, that the website changed multiple times, including after the filing of the Complaint. It does not support these contentions with any reliable fact, nor with any showing that the information was "newly discovered," previously unavailable or

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE, SUITE 300
CERRITOS, CALIFORNIA 90703
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

that it that it could not with reasonable diligence have discovered the evidence.

Even if the Court were to entertain Plaintiff's proffered "evidence," it is inherently speculative and unreliable. The Wayback Machine is not an incremental backup of the internet, nor does it save a snapshot of a webpage every time that webpage is updated. Plaintiff does not explain the limits of the Wayback Machine in its Motion, nor does it provide any evidence of the content of the website on any date relevant to its argument. Instead, Plaintiff asks the Court to speculate about the content and frequency of website updates that may have occurred over a four-month period, and to accept its conclusory allegations that the District changed the website in response to the Complaint sometime between February 27, 2025 and March 22, 2025. Such speculation lacks any factual basis and should be rejected.

Furthermore, even if the website content was changed between February 27, 2025 and March 22, 2025, the information contained in the March 22, 2025 website was discussed by both parties in litigating Defendants' Motion to Dismiss. Plaintiffs' Motion to Reconsider should be denied because it is merely a vehicle to relitigate issues already properly adjudicated by this Court-- exactly what Rule 59(e) and Local Rule 230(j) prohibit.

It is also worth noting that the Plaintiff includes a Wayback capture from August 26, 2025; which is after the Court's ruled on the Motion to Dismiss. (Dkt. 25-5, Exhibit 3.) The information unique to this version of the site is not referenced in any of the papers filed regarding the Motion to Dismiss, nor is it mentioned in the Court's Order. As such, the August 26, 2025 Wayback archive printout is irrelevant to this motion.

Because Plaintiff fails to present any evidence that was not available to it throughout the pendency of this litigation, the Motion to Reconsider should be denied.

### C. The Court Correctly Ruled That Plaintiff Did Not Establish Subject Matter Jurisdiction

The Court properly dismissed the Complaint because Plaintiff failed to establish standing through demonstrating an "injury in fact." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992). As the Court found, Plaintiff makes only a general and conclusory allegation that, on the basis of race, Plaintiff's children were denied access to A4 programs, redirected to other programs, or made

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE, SUITE 300
CERRITOS, CALIFORNIA 90703
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

to feel unwelcome due to a specific act. (Dkt. 25 at 10.) This alleged harm is simply a generalized grievance, not the "particularized" and "concrete" harm required for Article III standing. *Lujan*, 504 U.S. at 560-561.

The extensive argument about the "changed" website is a red herring. This specious argument was raised after the fact in an attempt to relitigate the Court's properly decided ruling that Plaintiff failed to establish Article III standing. As previously discussed, Plaintiff forfeited the argument that the website contents changed by failing to raise the issue earlier in the litigation.

Furthermore, regardless of the website content, the Court granted the Motion to Dismiss because the allegations in the Complaint failed to establish an injury in fact. The Court's well-reasoned Opinion took into consideration the Complaint allegations, the authority cited by Plaintiff, and found that Plaintiff failed to allege an injury in fact. (Dkt. 25, pp. 9-18.) As such, even without considering the specific statistics from the incorporated A4 website, the Court would still have come to the same conclusion. As such, its Order should stand.

Finally, the Court properly ruled that the Complaint should be dismissed because the Plaintiff's claims are not ripe for adjudication, independent from the dismissal for lack of subject matter jurisdiction. (Dkt. 25 at 22.) Specifically, the Court found that because Plaintiff fails to establish that the CFER members' children are eligible to participate in the A4 program, desire to participate in the program, and suffer a hardship as a result of not participating, the claim is merely speculative, and ripeness is not established. (Dkt. 25 at 23), *See Texas v. United States*, 523 U.S. 296, 302 (1998).

Plaintiff does not raise the issue of lack of ripeness in the Motion for Reconsideration. As a result, regardless of the Court's decision on the other issues raised, the matter remains unripe and the Court's ruling dismissing the Complaint stands.

## III. CONCLUSION

The Court properly dismissed the Complaint because Plaintiff failed to establish an "injury in fact" sufficient to invoke Article III jurisdiction and because the claim lacked ripeness. Plaintiff's attempt at manufacturing "new" evidence to save its defective Complaint should be rejected. Plaintiff advances only argument and speculation, as well as available information that it omitted

from its Opposition. Plaintiff should not be permitted to relitigate these issues, particularly where they are tangential to the Court's analysis.

There is no new evidence and the Court did not commit error. Even if the Court were to disregard the statistics from the website, the reasoning and logic in the Court's Order would not be impacted. The result is the same because Plaintiff's allegations are speculative and conclusory, not concrete and particularized. Plaintiff failed to establish either standing or a ripe controversy and the Court properly dismissed the Complaint.

As such, Plaintiff's Motion to Reconsider should be denied.

Dated: September 9, 2025

ATKINSON, ANDELSON, LOYA, RUUD & ROMO

By: /s/ Michael J. Davis
Matthew T. Besmer
Michael J. Davis
Camille J. Bosworth
*Attorneys For*
*MISTY HER, interim superintendent of the Fresno Unified School District; and VALERIE F. DAVIS, President of the Fresno Unified School District*

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE, SUITE 300
CERRITOS, CALIFORNIA 90703
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

**CERTIFICATE OF SERVICE**

[FRCP 5(B)]

I am employed in the County of Sacramento, State of California. I am over the age of 18 years and am not a party to the within action; my business address is 2151 River Plaza Drive, Suite 300, Sacramento, CA 95833.

I hereby certify that on September 9, 2025, I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on September 9, 2025.

*/s/ Trevor Anderson*

Trevor Anderson

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333