# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIANS FOR EQUAL RIGHTS FOUNDATION,<br><br>    Plaintiff,<br><br>v.<br><br>MISTY HER and VALERIE F. DAVIS,<br><br>    Defendants. | Case No.   1:25-cv-00250-BAM<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE COURT'S ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>(Doc. 26) |

Currently before the Court is Plaintiff Californians for Equal Rights Foundation's ("Plaintiff") motion seeking reconsideration (Doc. 26) of the Court's order issued August 12, 2025, granting Defendants' motion to dismiss the complaint with leave to amend. (Doc. 25.)[1] On September 9, 2025, Defendants Misty Her and Valerie F. Davis ("Defendants") filed an opposition to the motion for reconsideration. (Doc. 27.) On September 19, 2025, Plaintiff filed its reply. (Doc. 29.)

The Court found the matter suitable for decision without the need for oral argument pursuant to Local Rule 230(g) and vacated the hearing on the motion set for September 26, 2025. (Doc. 28.) Having considered the motion, the opposition, the reply, as well as the entire record in

---

[1] The parties have consented to the jurisdiction of the United States Magistrate Judge. (Doc. 21.) For that reason, the action was reassigned to the Honorable Barbara A. McAuliffe for all purposes. *See* 28 U.S.C.§ 636(c); Fed. R. Civ. P. 73; *see also* L. R. 301, 305.

this case, Plaintiff's motion for reconsideration is DENIED.

## I. BACKGROUND

### A. Procedural Background

Plaintiff filed a complaint on February 27, 2025 alleging violations of the Equal Protection Clause of the Fourteenth Amendment (42 U.S.C. § 1983), Title VI of the Civil Rights Act of 1964 (42 U.S.C. § 2000d), and the California Constitution, article I, section 31 (Proposition 209) by Misty Her, interim superintendent of the Fresno Unified School District ("Fresno Unified"), and Valerie F. Davis, President of the Fresno Unified in their official capacities (collectively, the "Defendants"). (Doc. 1.)

On August 12, 2025, the Court issued an order granting Defendants' motion to dismiss the complaint with leave to amend. (Doc. 25.) The Court held that Plaintiff failed to set forth facts sufficient to satisfy the requirements of standing under Article III of the U.S. Constitution because the claimed injuries to Plaintiff's members are not sufficiently concrete and particularized, actual or imminent, or certainly impending to satisfy injury-in-fact requirements. (*Id.* at 8-19.) The Court also found that any alleged injuries are not fairly traceable to Defendants' challenged conduct or redressable by a favorable decision. (*Id.* at 20-21.) Independently, the Court held that all claims should be dismissed for lack of ripeness. (*Id.* at 22-23.) Plaintiff was given leave to amend its complaint to cure the identified deficiencies. (*Id.* at 23.)

On August 26, 2025, Plaintiff filed the instant motion for reconsideration under Federal Rule of Civil Procedure 59(e) and Local Rule 230(j). Plaintiff asserted two grounds for reconsideration: (1) the Court erred in taking judicial notice of sections of Fresno Unified's Office of African American Academic Acceleration (the "A4 Office" or "A4") website that indicated that the A4 programs are "open to all," and (2) even if the Court can take judicial notice of the existence of the website, the truth of the website's contested factual assertions may not be accepted on a Rule 12 facial challenge. (Doc. 26-1 at 5.) Plaintiff raises several arguments in its motion, arguing that "[d]iscovery is needed to determine whether Defendants' assertions on their website are true, complete, and accurate—and how those assertions should properly be

interpreted." (*Id.* at 9.) Plaintiff requests that the Court either vacate its order and deny Defendants' motion to dismiss, or reconsider the ruling without crediting the A4 website and allow appropriate supplemental briefing or limited jurisdictional discovery. (*Id.* at 2.)

On September 9, 2025, Defendants filed an opposition to Plaintiff's motion, arguing that even if the Court disregarded the A4 website content in its entirety, the complaint must still be dismissed due to lack of standing and ripeness. (Doc. 27 at 2.) On September 19, 2025, Plaintiff filed a reply in support of its motion. (Doc. 29.)

### B. Factual Allegations[2]

The core of Plaintiff's complaint centers around allegations that Fresno Unified, through its A4 Office, unlawfully discriminated on the basis of race against non-African American students.

The A4 Office offers approximately thirteen programs intended to "address the disparities in academic outcomes faced by African American students." (Doc. 1 ¶¶ 20, 22.) Plaintiff cites to the A4 website's descriptions of the A4 programs, alleging that the harm suffered is that the A4 programs are not adequately advertised to CFER's non-African American members and their children, and "[e]ven if they had learned about the A4 programs, they and their children are not made to feel welcome because of their race." (*Id.* ¶¶ 22, 29.) As a result, Plaintiff alleges that non-African American students "have been effectively denied the opportunity to participate in publicly funded education programs because of race." (*Id.* ¶ 30.)

In their reply to the motion to dismiss, Defendants pointed to other sections of the same webpage relied upon by Plaintiff which they argued show that the A4 programs do not "impose any racial restriction or deny access" and state clearly that "A4 has served 7,950 students of all racial and ethnic backgrounds." (Doc. 24 at 3.) Defendants pointed out that "[p]er the program description, that is 2,750 more students than the entire African American population at Fresno Unified." (*Id.* at 3.)

In its motion for reconsideration, Plaintiff attaches screenshots of the A4 Website taken

---

[2] The allegations described herein are taken from the complaint and motion papers, and are taken as true for the purpose of the pending motion only.

via the "Wayback Machine" (http://www.archive.org) that Plaintiff alleges shows that the A4 website was changed after the complaint was filed. (Freeman Decl. Exs. 1, 2, 3.) Plaintiff alleges that "[t]he A4 website's language has changed at least twice since December 2024." (Doc. 26 at 7.) Plaintiff notes that "[f]irst, the language stating that the A4 program serves 'African-American and Black students' was changed to state that the program serves 'pre-K through 12th grade students throughout Fresno Unified School District,'" and "[s]econd, the revised website adds purported statistical data, stating that during 2023 to 2024, 'A4 proudly served 1,212 single-race African American and Black students … [i]n total, A4 has served 7,950 students of all racial and ethnic backgrounds.'" (*Id.*)

## II. LEGAL STANDARD

A motion for reconsideration may be brought under Federal Rule of Civil Procedure 59(e) or 60(b). *Zepeda v. Tate*, No. CV 1:07-0982-SMM, 2011 WL 2746485, at *1 (E.D. Cal. July 13, 2011). Erring on the side of caution, this Court has considered a motion for reconsideration under both Rules 59(e) and 60(b). *See id*.

A district court may alter or amend its judgment pursuant to Rule 59(e). Under Rule 59(e), three grounds may justify reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice. *See Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F. Supp. 656, 665 (E.D. Cal. 1986), *rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987), *cert. denied*, 486 U.S. 1015 (1988); *see also 389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999); *accord Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (stating the grounds for reconsideration). A motion to amend judgment under Rule 59(e) "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008).

Federal Rule of Civil Procedure 60(b) provides for reconsideration of the Court's final judgments or orders where one or more of the following is shown: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered before the court's decision; (3) fraud by the adverse party; (4)

1  voiding of the judgment; (5) satisfaction of the judgment; (6) any other reason justifying relief.
2  Fed. R. Civ. P. 60(b); *School Dist. 1J,* 5 F.3d at 1263.

3  In general, a motion for review of a judgment or order is treated as a Rule 59(e) motion to
4  alter or amend judgment if it is timely filed following entry of judgment, and otherwise as a Rule
5  60(b) motion for relief from a judgment or order. *Strojnik v. Portola Hotel, LLC*, No. 19-CV-
6  07579-VKD, 2021 WL 4170666, at *2 (N.D. Cal. Sept. 14, 2021). Motions for reconsideration
7  are committed to the discretion of the trial court. *Rodgers v. Watt,* 722 F.2d 456, 460 (9th Cir.
8  1983) (en banc). "To succeed, a party must set forth facts or law of a strongly convincing nature
9  to induce the court to reverse its prior decision." *Wiley v. Hartley,* 2012 WL 3114953, at *1 (E.D.
10 Cal. July 31, 2012) (internal citation omitted). "A party seeking reconsideration must show more
11 than a disagreement with the Court's decision, and recapitulation of the cases and arguments
12 considered by the court before rendering its original decision[.]" *U.S. v. Westlands Water Dist.*,
13 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001) (internal quotation marks and citation omitted).

14 Additionally, pursuant to this Court's Local Rules, when filing a motion for reconsideration
15 of an order, a party must show "what new or different facts or circumstances are claimed to exist
16 which did not exist or were not shown upon such prior motion, or what other grounds exist for the
17 motion" and "why the facts or circumstances were not shown at the time of the prior motion."
18 Local Rule 230(j).

19 **III.  DISCUSSION**
20 **A. Rule 59(e)**

21 The Court finds that Plaintiff's motion for reconsideration cannot be granted under Rule
22 59(e). Plaintiff contends that the change in the description of the A4 programs on Fresno
23 Unified's website is "highly significant" and constitutes "newly discovered evidence." (Doc. 26
24 at 5.) Plaintiff also contends that the Court committed clear error by taking judicial notice of
25 statistics on the A4 website, which Plaintiff disputes and alleges postdates the complaint. (*Id.*)
26 Defendants argue that Plaintiff's motion does not satisfy Rule 59(e)'s narrow grounds for
27 relief. (Doc. 27 at 2.) Defendants contend that Plaintiff "offers no credible or sufficiently reliable
28 evidence to support its allegation that the content of the website changed after Plaintiff filed its

5

Complaint." (*Id.* at 3.) Defendants allege that Plaintiff itself "relied heavily" on the A4 website in its complaint and "was aware of or should have been aware of the website content at the time it filed its Opposition." (*Id.*) Defendants argue further that "[e]ven if there were error, which there was not, it would be both *de minimus* and harmless." (*Id.* at 4.)

As the Court previously held, Plaintiff failed to satisfy Article III's standing requirements. Plaintiff was required to show: "(1) it has suffered an injury in fact that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envt'l Servs. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000) (internal quotation marks omitted). Plaintiff did not plead a concrete or particularized injury to its members, the injuries were not actual or imminent, any threatened injury was not "certainly impending," and Plaintiff relied on conclusory allegations that were insufficient to show deterrence. Therefore, Plaintiff failed to establish the injury-in-fact prong. (Doc. 25 at 8-19.) Furthermore, Plaintiff failed to establish the traceability and redressability prongs. (*Id.* at 20-21.) These grounds for the Court's ruling were not dependent upon the statistical information found on the website for the A4 programs. (Doc. 25 at 8-19 and 20-21.)

Independently, the Court found that Plaintiff failed to show that the claims are ripe for adjudication. (*Id.* at 22-23.) Plaintiff was required to show that its claims present "concrete legal issues, presented in actual cases, not abstractions." *Planned Parenthood Great Nw., Hawaii, Alaska, Indiana, Kentucky v. Labrador*, 122 F.4th 825, 839 (9th Cir. 2024). Plaintiff's claims are contingent on a number of factors that may or may not occur, and Plaintiff had provided no facts to determine the extent to which its members' children would face hardship from not participating in the A4 programs.

Plaintiff does not present any newly discovered evidence, clear error, or intervening change in controlling law on any of these issues. The Ninth Circuit holds that Rule 59(e) "offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal

1  quotation marks and citation omitted).  To the extent that Plaintiff argues that its motion for

2  reconsideration should be granted even if the judicially noticed information was not decisive for

3  the purposes of "rectif[ing] legal error and ensur[ing] a clean, legally sound basis for the

4  judgment," (Doc. 29 at 10), the Court disagrees that such factors justify use of this "extraordinary

5  remedy." *Kona Enters., Inc.*, 229 F.3d at 890.  Accordingly, the Court denies Plaintiff's motion

6  for reconsideration under Rule 59(e).

### B. Rule 60(b)

8  Similarly, Plaintiffs' motion for reconsideration also fails under Rule 60(b).  The motion

9  does not claim any new or different facts or circumstances exist which were not shown in the

10  prior motion and does not set forth any grounds for relief under Rule 60(b)(1)-(5).  (*Id.*)  Like

11  Rule 59(e), "[r]elief under Rule 60(b)(6) . . . is available only under extraordinary circumstances."

12  *Twentieth Century-Fox Film Corp. v. Dunnahoo,* 637 F.2d 1338, 1341 (9th Cir. 1981); *see also In* 

13  *re Int'l Fibercom, Inc.,* 503 F.3d 933, 941 ("Rule 60(b)(6) . . . is to be utilized only where

14  extraordinary circumstances prevented a party from taking timely action to prevent or correct an

15  erroneous judgment.")  Accordingly, a party moving for relief under Rule 60(b)(6) "must

16  demonstrate both injury and circumstances beyond his control that prevented him from

17  proceeding with . . . the action in a proper fashion."  *In re Int'l Fibercom, Inc.,* 503 F.3d at 941

18  (citing *Community Dental Servs. v. Tani,* 282 F.3d 1164, 1168 (9th Cir. 2002)).

19  Here, Plaintiff has not demonstrated that the requisite extraordinary circumstances exist to

20  justify relief under Rule 60(b)(6).  Plaintiff argues that it "did not have any opportunity to dispute

21  Defendants' assertions about the website because they were raised in the reply brief."  (Doc. 26 at

22  8 n.5.)  The Court notes that to the extent that Plaintiff wished to dispute assertions made in

23  Defendants' reply brief, Plaintiff had the opportunity to request leave to file a surreply to address

24  any new arguments made in the reply brief.  Plaintiff did not do so.  Plaintiff has not shown clear

25  error or other meritorious grounds for relief and has not met its burden as the party moving for

26  reconsideration.  *Marilyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.,* 571 F.3d 873, 880

27  (9th Cir. 2009).  Regardless, the Court's ruling was not dependent upon the statistical information

28  found on the website for the A4 programs and Plaintiff has been granted leave to amend.

7

Accordingly, Plaintiff's motion for reconsideration of the Court's Order shall be denied.

**CONCLUSION AND ORDER**

For the reasons stated above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration (Doc. 26) is DENIED;

2. Within twenty-one (21) days from the date of service of this order, Plaintiff shall file a first amended complaint curing the deficiencies identified by the Court in this order; and

3. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to obey a court order, failure to prosecute, and failure to state a claim.

IT IS SO ORDERED.

Dated:   **October 2, 2025**              /s/ Barbara A. McAuliffe
                                          UNITED STATES MAGISTRATE JUDGE